## NIVOIS v. METAL PRODUCTS CO.

(District Court, D. Rhode Island. December 3, 1918.)

No. 87.

Patents ⬅️328—1,232,073, for cigarette case, held valid and infringed.
The Nivois patent, No. 1,232,073, for a cigarette case, held valid and infringed.

In Equity. Suit by Victor Nivois against the Metal Products Company. Decree for complainant.

Fitzgerald & Higgins, of Providence, R. I., and J. Granville Meyers and Richard B. Cavanagh, both of New York City, for plaintiff.

Alexander P. Browne, of Boston, Mass., and Arthur M. Allen, of Providence, R. I., for defendant.

BROWN, District Judge. Infringement is charged of letters patent No. 1,232,073, July 3, 1917, to Victor Nivois, for cigarette case. Claims 1, 2, 3, and 4 are in issue. The defense is that limitations must be read into the claims, and that, so limited, the claims are not infringed.

The patent relates to a special type of cigarette case, having two outer case sections and an inner "article holder" located between them, which is exposed to view in an upstanding position when the outer case sections are opened.

The specification states that in prior cases of this type the article holder has been positively or immovably held in an upstanding position, so that any pressure against the holder toward one or the other of the case sections would result in bending, distorting, or breaking the positive holding means.

The patentee states that he overcomes this by providing means that will permit of the holder being readily moved bodily toward and into nested relation with either of the case sections, without bending, straining, distorting, or breaking any of the connections.

The patentee also provides his case with a holder which embodies a pair of plates or walls, each with vertically arranged parallel grooves, the grooves of one wall being opposite those of the other wall, to provide individual cigarette pockets and to protect the cigarettes. The patentee also states that the corrugated plates or walls of the holder may be movable and separable relative to each other, so that each plate is adapted to be nested in its adjacent case section, or the two plates may be permanently connected at their side edges, so that they are at all times preserved in their substantially parallel relation.

Whether the plates are separable or permanently connected, the holder as an entirety is so supported when in upright position that it may be shifted bodily toward and into nested relation with either of the case sections, without liability of imparting breaking or bending strains to the sections or connecting parts.

A further feature is provision for quick and convenient filling of the holder with cigarettes.

The defense of noninfringement is based principally upon the contention that the expressions "yieldingly held," "movably supported," "movably held," and "yieldingly supported," which, in the claims in suit, respectively precede the words "in an upright position when the case sections are opened out," must be limited to the particular feature of construction described in the specification, to wit, holding or supporting in such manner that "the holder can be unseated" from its support, or, in other words, an article holder which is demountable from its support, and can be swung over toward either of the case sections by disengaging the lower edge of the holder from recess 25, as shown in Fig. 7.

Nothing in the file wrapper seems to require such limitation, or to amount to an admission by the patentee that this feature of unseating

the holder from groove *25* was an essential feature of his invention, or a qualification of claims made in broader language well adapted to cover this and equivalent forms of construction for making the holder "yieldably" held, instead of rigidly held, as in the prior Pedersen patent. No. 890,703, June 16, 1908.

The Examiner's objection that "the specification does not state how the holder can be unseated from groove *25*" seems to have been completely answered, by reference to the specification itself—a mere matter of explanation. I find no suggestion of a required limitation of claims acceded to by the applicant.

The defendant's holder is movably or yieldably supported by a spring, and thus may be given the same movements as plaintiff's holder. It has also all other features of the claims in suit.

The defendant has produced, as prior art, defendant's Exhibit A, "the Friedrich or German case," which is a case comprising two outer covers and an inner holder spring, supported so that, as a whole, it may be swung to either side, toward one of the sides of the cover. The holder, however, is of one-piece construction, and does not have opposite wall members pivoted for relative movement toward and from each other, either member capable of being nested within its associated case section.

Objections are made to the sufficiency of the proof of the exhibit; but it is unnecessary to consider these objections specifically, for, assuming for the purposes of the argument the sufficiency of proof of the exhibit, it neither anticipates the claims in suit nor requires them to be so construed that they are not infringed. This exhibit does not show a holder with relatively movable walls, and does not justify the defendant's appropriation of features of plaintiff's device not present in the exhibit.

The claims in suit are for combinations in which the movable support is but one element, and it is an insufficient defense to a combination claim to show that any or all of the elements are old, if the combination as an entirety is new.

The validity of these claims is not disputed.

In my opinion nothing in the file wrapper, or in the prior art as represented by the Pedersen patent, or the Defendant's Exhibit A (assuming merely for the purposes of the case that its priority is duly proved), or by other exhibits, requires that the claims be limited to a combination having, as one element, an article holder that is demountable or removable from its support. Interpreted according to the natural meaning of these terms, the claims in suit are, in my opinion, valid, and are infringed by the defendant's structure.

A draft decree for the complainant may be presented accordingly.